FILED

14 JUN 20 PM 3:48

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELVEEN SHRANEEL SINGH,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | CASE NO. 14-CV-684 BEN<br>(Crim. Case No. 12-CR-4031 BEN-2)<br><br>**ORDER DENYING<br>28 U.S.C. § 2255 MOTION** |

Petitioner Shelveen Shraneel Singh moves pursuant to 28 U.S.C. § 2255 for a reduction in his sentence. For the reasons discussed below, the Motion is **DENIED**.

## BACKGROUND

Petitioner worked at Global Financial Group, Inc. from October 2009 to August 2010. While working at Global Financial Group, Petitioner used false promises and misrepresentations to induce homeowners to purchase loan modification services.

On September 27, 2012, a federal grand jury returned a 50-count indictment against four individuals, including Petitioner. The indictment charged Petitioner with one count of conspiracy to commit mail and wire fraud under 18 U.S.C. § 1349, 11 counts of mail fraud under 18 U.S.C. § 1341, and 37 counts of wire fraud under 18 U.S.C. § 1343. Petitioner was arrested the following day in Riverside County, and he made his initial appearance the same day before Magistrate Judge David T. Bristow in

the United States District Court for the Central District of California. Judge Bristow set a $100,000 appearance bond and imposed pre-trial release conditions, which required Petitioner to abstain from engaging in telemarketing and solicitation activities. (Opp'n, Ex. 2.)

While on pre-trial release, Petitioner engaged in activities that would have constituted a violation of his pre-trial release conditions. On April 10, 2013, the United States Probation Office petitioned the Court for an Order to Show Cause (OSC) as to why Petitioner's pre-trial release should not be revoked. The OSC alleged that Petitioner engaged in telemarketing and solicitation activities. (*Id.*, Ex. 4.)

At the OSC hearing, the United States was prepared to present witnesses who would testify regarding Petitioner's breach of his pre-trial release conditions. Because Petitioner had chosen earlier to voluntarily admit the misconduct, however, the United States agreed to dismiss the petition as long as the pretrial release conditions were modified as follows: (1) the bond was increased from $100,000 to a $150,000 personal appearance bond; (2) Petitioner agreed to home confinement until sentencing with GPS monitoring, and (3) Petitioner agreed not to engage in any sales or marketing of any kind. Magistrate Judge Nita Stormes agreed with the recommendations, dismissed the petition, and modified the pre-trial release conditions as requested.

On May 16, 2013, Petitioner, represented by Attorney Charles Rees, entered into a plea agreement with the United States. As part of the agreement, Petitioner waived his right to appeal or collaterally attack his conviction or sentence. The Plea Agreement states: "In exchange for the Government's concessions in this plea agreement . . . defendant [] waives, to the full extent of the law, any right to appeal or to collaterally attack his sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, unless the Court imposes a custodial sentence above the high end of the guideline range recommended by the Government pursuant to this agreement at the time of sentencing." (*Id.* at 17-18.)

///

Petitioner certified that he knowingly and voluntarily entered into the Plea Agreement, read it, discussed its terms with his attorney, and fully understood its meaning and effect. He also declared that he had consulted and was satisfied with his attorney. (*Id.*, Ex. 1.) Judge Stormes advised Petitioner of the rights he was giving up by pleading guilty, his right to be represented by counsel, the elements the government would have to prove at trial, and the maximum sentence. (*Id.*, Ex. 5, at 3-7.) Judge Stormes determined that the plea was made knowingly and voluntarily, and accepted Petitioner's plea. (*Id.* at 11.)

The Court held a sentencing hearing on December 2, 2013. The Court addressed Petitioner's objections regarding the sentencing disparity, the criminal history score, and the uncharged conduct. The Sentencing Guideline range as calculated by the United States was 97 to 121 months. (*Id.*, Ex. 6, at 39.) Petitioner was sentenced to 110 months of imprisonment. (*Id.* at 40.)

Presently before the Court is Petitioner's Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255.

## DISCUSSION

Petitioner asserts that his sentence for violation of 18 U.S.C. § 1341 is invalid because it constitutes "cruel and unusual punishment." (Mot. at 10.) In support of his claim, Petitioner contends: (1) there was an unwarranted sentencing disparity between co-defendants; (2) his criminal history score was miscalculated; (3) it was improper to deny downward departure for a minor role; (4) he signed the plea agreement under threat of financial loss; (5) there was no evidence to support the 2-level upward departure for uncharged conduct; and (6) the financial loss used to calculate the sentence guidelines was more than the actual loss Petitioner caused.

### I. LEGAL STANDARD

Section 2255 provides that a federal prisoner seeking relief from a custodial sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence" on "the ground that the sentence was imposed in violation of the

Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255(a). To warrant relief under § 2255, a prisoner must allege a constitutional, jurisdictional, or otherwise "'fundamental defect which inherently results in a complete miscarriage of justice, [or] an omission inconsistent with the rudimentary demands of fair procedure.'" *United States v. Timmreck*, 441 U.S. 780, 783 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

## II. WAIVER

The right to collaterally attack a sentence under 28 U.S.C. § 2255 is a statutory right and may be waived. *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993). A "defendant may waive the statutory right to file a § 2255 petition challenging the length of his sentence" where the defendant: (1) expressly waives the right of collateral attack; and (2) does so knowingly and voluntarily. *United States v. Leniear*, 574 F.3d 668, 672 n.3 (9th Cir. 2009); *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994); *Abarca*, 985 F.2d at 1014. The waiver is enforceable if it is (1) "knowingly and voluntarily made", and (2) "encompasses the defendant's right to appeal on the grounds claimed on appeal." *United States v. Nunez*, 223 F.3d 956, 958 (9th Cir. 2000) (quoting *United States v. Martinez*, 143 F.3d 1266, 1270-71 (9th Cir. 1998)).

Courts enforce plea agreements containing knowing and voluntary waivers of statutory rights of appeal or collateral attack because such "waivers usefully preserve the finality of judgments and sentences imposed pursuant to valid plea agreements." *United States v. Anglin*, 215 F.3d 1064, 1066 (9th Cir. 2000). The Ninth Circuit recognizes that strong public policy considerations justify the enforcement of a defendant's waiver of his right to appeal or to collaterally attack a judgment. *United States v. Novarro-Botello*, 912 F.2d 318, 321 (9th Cir. 1990). Waivers play an important role in the plea bargaining process and help ensure finality. *Id.* at 322. The finality of judgments benefits both the government and the courts. *United States v.*

*Littlefield*, 105 F.3d 527, 530 (9th Cir. 1997). In exchange for the defendant's guilty plea and waiver of rights to appeal and collaterally attack, the defendant gets a lower sentencing recommendation and the court is more willing to agree to a lower sentence than would be the case absent the waiver.

Here, the Plea Agreement provides that Petitioner expressly "waives, to the full extent of the law, any right to appeal or to collaterally attack his sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, unless the Court imposes a custodial sentence above the high end of the guideline range recommended by the Government pursuant to this agreement at the time of sentencing." (Opp'n, Ex. 1, at 17-18.) The Court imposed a sentence of 110 months, which was well within the guideline range of 97 to 121 months recommended by the Government. (*Id.*, Ex. 6, at 39-40.) Under the plain language of the Plea Agreement, Petitioner waived his right to file all of his claims except a claim for ineffective assistance of counsel, which he does not raise here.

In addition, Petitioner entered into the waiver knowingly and voluntarily. In the Plea Agreement, Petitioner certified that he knowingly and voluntarily entered into the Plea Agreement, read it, discussed its terms with his attorney, and fully understood its meaning and effect. (*Id.*, Ex. 1, at 10-11, 21.) In the plea colloquy before Judge Stormes, Petitioner affirmed that he entered into the Plea Agreement knowingly and voluntarily, that he understood the rights he was waiving, and that he was aware of the maximum penalties that could be imposed. (*Id.*, Ex. 5, at 3-11.) At his sentencing hearing, Petitioner reaffirmed that he had waived his right to appeal and collateral attack. (*Id.*, Ex. 6, at 43.) Contrary to these representations, Petitioner claims he "signed a guilty plea agreement under the threat and pressure of losing the $100,000 bond." (Mot. at 8.) However, the threat of losing the $100,000 bond resulted from his violation of his pre-trial release conditions. (*Id.*, Ex. 4.) Aside from this conclusory statement, there is no indication in Petitioner's motion or traverse of anything that would undermine the voluntariness of his entry into the Plea Agreement.

As this issue is dispositive, Petitioner's remaining arguments will not be addressed.

### III. CERTIFICATE OF APPEALABILITY

The Court **DENIES** a certificate of appealability because the issues are not debatable among jurists of reason and there are no questions adequate to deserve encouragement.

### CONCLUSION

Petitioner's § 2255 Motion is **DENIED**. The Clerk shall close case number 14-CV-684-BEN.

**IT IS SO ORDERED.**

DATED: 6/20/14

HON. ROGER T. BENITEZ
United States District Judge